# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DUANE THOMPSON,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

## NOTICE OF REMOVAL

Defendant Safeco Insurance Company of America ("Defendant"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Denver County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

### INTRODUCTION

1. On July 13, 2018, Plaintiff initiated this action by filing his Complaint in the Denver County District Court, State of Colorado, Case No. 2018CV32595 ("State Action"). *See* Complaint attached as **Exhibit A.**

2. Plaintiff's Complaint asserts four claims for relief against Defendant, including a First Claim for Underinsured Motorist Benefits, a Second Claim for Breach of

Contract a Third Claim for Relief for Violation of C.R.S. §§ 10-3-1115/10-3-1116, and a fourth for Bad Faith.

3. This action arises out of Plaintiff's demand for underinsured motorist coverage as a result of an automobile accident that occurred on March 5, 2014.

## COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. On July 17, 2018, Plaintiff served Defendant with a Summons and copy of Plaintiffs' Complaint.

6. This Notice of Removal is filed within thirty (30) days of the receipt by Defendant of the Summons and Complaint and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7. Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1. This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons (attached as **Exhibit B**) and Complaint (**Exhibit A**) is attached to this Notice of Removal.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2018CV32595, Denver County District Court, State of Colorado. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

11. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states, and (b) the amount in controversy exceeds $75,000.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15. Plaintiff is a citizen of the State of Colorado who resides at 8884 East Easter Avenue Centennial, CO 80112. *See* **Exhibit A**, p. 7.

16. Defendant Safeco Insurance Company of America is a citizen of the State of New Hampshire and the State of Massachusetts. Defendant is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of

every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18. While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000, exclusive of interest and costs. The fact that the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs, is confirmed by the Civil Case Cover Sheet filed by Plaintiff in the State Action.

22. In the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff confirms that he seeks "a monetary judgment for more than $100,000 against another party, including any attorneys' fees, penalties or punitive damages, but excluding interest and costs . . ." *See* **Exhibit D**, State Court Civil Case Cover Sheet. *See also Paros Properties, LLC v. Colorado Casualty Insurance Company, et al.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (recognizing that the civil case cover sheet starts the removal lock and puts a defendant on notice that the amount in controversy exceeded $75,000).

23. The policy under which Plaintiff demands benefits affords $100,000 in underinsured motorist coverage, subject to certain terms, conditions and limitations. *See* **Exhibit E**, declarations page to the policy. *See also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

24. In addition, Plaintiff claims to have sustained serious injuries as a result of the accident to his right thumb and wrist. He claims that the injuries he sustained "resulted in over two years of medical treatment, including a surgery and on-going pain," and that his medical bills "are in excess of $47,000." He further claims that as a result of the accident he can no longer enjoy certain recreational activities as a result of the accident. *See* **Exhibit F**, February 28, 2018 demand letter at pp. 1 and 3 (specific medical treatment redacted); *McPhail*, 529 F.3d at 954.

25. Finally, in the instant lawsuit, Plaintiff claims that he continues to suffer from injuries sustained in the accident, that he has incurred over $47,000 in medical expenses, and that he is entitled to "recover the covered benefit plus twice the covered benefit as well as attorney fees and costs from Defendant for the unreasonable delay and denial of his claim for underinsured motorist benefits." *See* **Exhibit B** at ¶¶ 14, 42, 59. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-20544-CMA-MEH, 2011 WL 1398811 (D.Colo. April 13, 2011) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv-02229-REB-KLM, 2013 WL 1414241 (D.Colo. April 8, 2013)(finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

26. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00, exclusive of interest and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

27. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the Denver County District Court, Case No. 2018CV32595, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 7th day of August, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Elliot J. Reaven*
Elliot J. Reaven, Esq.
1200 17th Street, Suite 3000
Denver, CO 80202
Phone: (303) 623-9000
E-mail: ereaven@lrrc.com

*Attorneys for Defendant*
*Safeco Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Marc Harden, Esq.
Britt A. Holtz, Esq.
1610 Wynkoop Street, Suite 120
Denver, CO 80202
Phone: (303) 563-5354
Fax: (303) 563-5351
E-mail: mh@zanerhardenlaw.com
bh@zanerhardenlaw.com

*s/ Elliot J. Reaven*
Elliot J. Reaven, Esq.